The People of the State of New York, Respondent, 
against
Donovan Groves, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Shari Ruth Michels, J.), rendered May 18, 2015, after a nonjury trial, convicting him of sexual misconduct and endangering the welfare of a child, and imposing sentence.




Per Curiam.
Judgment of conviction (Shari Ruth Michels, J.), rendered May 18, 2015, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The credibility issues raised by defendant were properly placed before the trier of fact and we find no reason on the record before us to disturb the court's determination to credit the complaining witness's testimony that defendant engaged in sexual intercourse with her in July 2007, when she was 14 years old.
Defendant was not prejudiced by the People's mid-trial renewal of their Molineux application (see People v Torres, 300 AD2d 46, 46—47 [2002], lv denied 99 NY2d 633 [2003]), which was ultimately denied. A "party can always move to renew [a Molineux] application" during a trial (People v Strauss, 155 AD3d 1317, 1321 [2017], lv denied 31 NY3d 1122 [2018]). Defendant's contention that the People's unsuccessful application caused prejudicial evidence to be in the mind of the judge is without merit. The trial court is presumed, by virtue of learning and experience, to have considered only the competent evidence adduced in reaching its determination (see People v Torres, 1 AD3d 621 [2003], lv denied 1 NY3d 602 [2004]), and there is nothing in the record to suggest that this presumption is inapplicable here.
Contrary to defendant's contentions, he was not deprived of meaningful representation by defense counsel's failure to object to the People's reference, during summation, to properly admitted evidence, consisting of admissions. Nor did defense counsel's two passing references, during summation, to a conversation between the victim and her mother in May 2012, the contents of which the court had precluded from being entered into evidence, demonstrate that defendant was "deprived of a fair trial by less than meaningful representation" (People v [*2]Benevento, 91 NY2d 708, 713 [1998]), since the court stated it was "not going to consider" those remarks in reaching a verdict.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 22, 2019